1  HARVEY SOHNEN, SBN 62850   hs@fairpaycal.com
2  PATRICIA M. KELLY, SBN 99837   patriciakelly@pacbell.net
   LAW OFFICES OF SOHNEN & KELLY
3  2 Theatre Square, Suite 230
   Orinda, CA  94563-3346
4  Telephone: (925) 258-9300
5  Facsimile:  (925) 258-9315

6  Attorneys for Plaintiff
   DERRICK ROSS
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 DERRICK ROSS,                          CASE NO.  C-08-00854-MEJ

12            Plaintiff,                   FIRST AMENDED COMPLAINT FOR
                                           DAMAGES AND EQUITABLE RELIEF
13
   vs.                                     1.  Americans with Disabilities Act of 1990
14                                         2.  California Labor Code Section 1101
15 INDEPENDENT LIVING RESOURCE OF          3.  California Labor Code Section 1102.5
   CONTRA COSTA COUNTY, a California        4.  Wrongful Termination in Violation of
16 Corporation                                 Public Policy
17            Defendant.                   5.  Unruh Civil Rights Act, California
                                               Civil Code Sections 51 and 52
18
19                                         **JURY TRIAL DEMANDED**
20
21
22
23

24
                              **JURISDICTION**
25

26      1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of

27 the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. ("ADA") Pursuant to pendent

28 jurisdiction, attendant and related causes of action arising from the same facts are also brought under

                                        1

California law, including but not limited to violations of California Labor Code Section 1101 and 1102.5, and claims of Wrongful Termination in Violation of Public Policy.

## INTRADISTRICT ASSIGNMENT

2.    This case is appropriately assigned to the San Francisco Headquarters or the Oakland Division because Defendant's principal place of business is in Contra Costa County, California.

## PARTIES

3.    At the time of the actions alleged herein, Plaintiff DERRICK ROSS resided in Suisun City, Solano County, California.

4.    Defendant INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY ("ILR") is a California corporation that provides counseling services. ILR maintains its principal place of business in Contra Costa County, at 3200 Clayton Road, Concord, California.

5.    This Court has personal jurisdiction over the Defendants because the Defendants purposefully availed themselves of the privilege of conducting activities in Contra Costa County, California.

6.    Venue is appropriate in this Court because the Defendant resides or may be found in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.    Plaintiff was hired by ILR to work as a transition services coordinator in its facility in Fairfield, California starting May 14, 2007. Plaintiff is an "aggrieved employee" as defined in California Labor Code Section 2699(c).

8.    Plaintiff is a person with a disability. Plaintiff is quadriplegic, and requires the use of a wheelchair. On November 17, 2006, he filed a civil rights lawsuit in the United States District Court, Eastern District of California, Case No. 2:06-CV-02748 GEB, (the "Basketball Town Lawsuit")

First Amended Complaint for Damages and Equitable Relief,  Case No. C 08-00854 MEJ

asserting claims under Title III of the Americans with Disabilities Act of 1990 and other laws against Sacramento Basketball Town, LLC and other defendants, arising out of the denial of accessible facilities to him and other disabled persons at the Basketball Town Sports and Events facilities in Rancho Cordova, California. The relief sought included a request for an injunction directing the owners, operators, lessors and/or lessees of the property to modify it to provide full and equal access to all persons, including persons with physical disabilities.

9.    On September 29, 2007, Sacramento Basketball Town, LLC announced its closure on September 30, 2007. Its announcement claimed the closure resulted from costs associated with defending the Basketball Town Lawsuit and the costs of making modifications regarding disability access. During the period September 29, 2007 to October 3, 2007, there were newspaper and television stories about the Basketball Town Lawsuit and the business closure, as well as a Topix.com internet discussion of the issue.

10.    As of October 1, 2007, Plaintiff's name and job title were listed on ILR's website. One entry in the Topix.com discussion on October 1, 2007 stated that Plaintiff had been identified as an employee of ILR through its website, and suggested "let them hear from us." ILR learned about the Basketball Town Lawsuit.

11.    On October 3, 2007, Plaintiff started his work day at ILR's Fairfield office. On that day, his supervisor, Susan Rotchy, Program Manager, was working outside of the office. Her plans changed during the morning, and she returned to the office, where she first had a private meeting with ILR's Interim Acting Executive Director, Eli Gelardin. Plaintiff was then called into a meeting with both Ms. Rotchy and Mr. Gelardin.  At this meeting, Mr. Gelardin told Plaintiff that he was terminated effective immediately. He stated that the reason for the termination was budget problems.

12.    The reason given to Plaintiff for his termination was a pretext. Plaintiff was terminated as an act of retaliation for his prosecution of the Basketball Town Lawsuit, which had been the subject of increased media and public attention in the several days before the termination.

13.    Within a few days after the termination, ILR modified the list of employee names on its website to delete all names, except for those of four managers.

14.    Prior to filing this lawsuit, Plaintiff exhausted all required administrative remedies. The following occurred with respect to such remedies:

(a)    Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue dated January 25, 2008. Copies of the Charge of Discrimination and Notice of Right to Sue are attached hereto as Exhibits A and B respectively.

(b)    Plaintiff filed a Retaliation Complaint with the State of California, Department of Industrial Relations ("DIR") on January 7, 2008, alleging retaliation in violation of California Labor Code Section 1101 and 1102.5. A copy of the Complaint is attached hereto as Exhibit C. In a letter dated January 29, 2008, DIR stated its position that there is no requirement of exhaustion of administrative remedies with respect to such Retaliation Complaints, and closed its file to allow Plaintiff to pursue the matter in court. A copy of that letter is Exhibit D.

(c)    Plaintiff has complied with the procedural requirements specified in California Labor Code Section 2699.3 as to Defendant's violations of California Labor Code Sections 1101 and 1102.5. A Copy of the written notice sent via certified mail on January 4, 2008 to the Labor and Workforce Development Agency ("LWDA") alleging the violations contained herein is attached hereto as Exhibit E. As the LWDA has not provided notice within thirty three days of said mailing that it intended to investigate the alleged violations, Plaintiff, pursues claims

First Amended Complaint for Damages and Equitable Relief, Case No. C 08-00854 MEJ

pursuant to California Labor Code Section 2699 *et seq.,* including but not limited to claims for attorney fees under Section 2699(g)(1).

## FIRST CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990

15.    Plaintiff incorporates by reference, as if fully stated herein all allegations in paragraphs 1 through 14.

16.    Section 503(a) of the ADA, 42 USC Section 12203(b), provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act." The conduct of ILR complained of herein constitutes unlawful retaliation in violation of this section against Plaintiff for his participation in a proceeding under the ADA, specifically the Basketball Town Lawsuit.

17.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses of compensation and fringe benefits. As equitable relief, Plaintiff is entitled to restitution of all compensation and fringe benefits, past and future, lost as a result of Defendant's conduct.

18.    As a result of Defendant's conduct, Plaintiff has been caused to incur attorney's fees. Plaintiff is entitled to an award of attorney's fees under 42 USC Section 12205.

## SECOND CLAIM FOR RELIEF
## CALIFORNIA LABOR CODE SECTION 1101

19.    Plaintiff incorporates by reference, as if fully stated herein, all allegations in paragraphs 1 through 14.

20.    California Labor Code Section 1101 provides that "no employer shall make, adopt or enforce any rule, regulation or policy... controlling or directing, or tending to control or direct the political activities of employees." A civil rights lawsuit is political activity. *NAACP v. Button* (1963)

371 U.S. 415, 419; *Gay Law Students Association v. Pacific Tel. & Tel.* (1979) 24 Cal. 4th 458, 487. The ILR's conduct herein was in violation of Plaintiff's right under this section to participate in political activity consisting of prosecuting the Basketball Town Lawsuit, a civil rights lawsuit.

21.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses of compensation and fringe benefits.    Additionally, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount according to proof at trial.

22.    As a result of Defendant's conduct, Plaintiff has been caused to incur attorney's fees. Plaintiff is entitled to an award of attorney's fees under California Labor Code Section 2699(g)(1).

### THIRD CLAIM FOR RELIEF
### CALIFORNIA LABOR CODE SECTION 1102.5

23.    Plaintiff incorporates by reference, as if fully stated herein all allegations in paragraphs 1 through 14.

24.    California Labor Code Section 1102.5(b) provides that "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." In violation of this Section, ILR's terminated Plaintiff for disclosure of information of violations of statutes, rules and regulations to the U.S. District Court through his prosecution of the Basketball Town Lawsuit.

25.    California Labor Code Section 1102.6 provides that "once it has been demonstrated by a preponderance of the evidence that an activity proscribed in Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for

First Amended Complaint for Damages and Equitable Relief,  Case No. C 08-00854 MEJ

legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5".

26.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses of compensation and fringe benefits.   Additionally, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount according to proof at trial.

27.    As a result of Defendant's conduct, Plaintiff has been caused to incur attorney's fees. Plaintiff is entitled to an award of attorney's fees under California Labor Code  Section 2699(g)(1).

## FOURTH CLAIM FOR RELIEF
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

28.    Plaintiff incorporates by reference, as if fully stated herein all allegations in paragraphs 1 through 14.

29.    It is unlawful for an employer to terminate an employee for reasons that violate fundamental well-established public policies of the State of California, which include the policies stated in California Labor Code Sections 1101 and 1102.5. ILR's termination of Plaintiff was a violation of these fundamental public policies.

30.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses of compensation and fringe benefits.   Additionally, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount according to proof at trial.

31.    In terminating Plaintiff, Defendant was acting with oppression, malice and fraud towards Plaintiff and with a conscious disregard for his human rights.  Such conduct was engaged in,

authorized by and ratified by managing agents of Defendant. Defendants' conduct was despicable and warrants an award of punitive damages in a amount according to proof at trial.

32.    As a result of Defendant's conduct, Plaintiff has been caused to incur attorney's fees. Plaintiff is entitled to an award of attorney's fees under California Labor Code Section 2699(g)(1).

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY**

33.    Plaintiff incorporates by reference, as if fully stated herein all allegations in paragraphs 1 through 18.

34.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code Section 51(b), provided that:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per Section 51(f):

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

35.    As a result of Defendant's conduct in violation of California Civil Code Sections 51(b) and 51(f), including but not limited to violations of the ADA as described in the First Claim for Relief, Plaintiff has suffered and continues to suffer losses of compensation and fringe benefits. Additionally, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in an amount according to proof at trial. California Civil Code Section 52(a) provides that each such violation entitles plaintiff to" the actual damages, and

any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)".

36.    As a result of Defendant's conduct, Plaintiff has been caused to incur attorney's fees. Plaintiff is entitled to an award of attorney's fees under California Civil Code Section 52(a).

Wherefore, Plaintiff prays for relief as hereinafter stated.

### PRAYER

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1.    Under the First Claim for Relief, for equitable relief, restitution of the amounts of wages and fringe benefits lost as a result of Defendant's retaliatory conduct:

2.    Under the Second, Third, Fourth and Fifth Claims for Relief, for compensatory damages from on or about October 4, 2007 and continuing, for the failure to offer Plaintiff reasonable employment, including but not limited to wage loss, and lost fringe benefits, according to proof;

3.    Under the Second, Third, Fourth and Fifth Claims for Relief, for general damages to compensate Plaintiff for humiliation, embarrassment, mental and emotional distress and discomfort, according to proof;

4.    Under the Fourth Claim for Relief, for an award of exemplary and punitive damages in an amount according to proof;

5.    Under the Fifth Claim for Relief, for statutory treble damages under California Civil Code Section 52(a);

6.    For an award of reasonable attorney fees;

7.    For pre-judgment interest as allowed by law;

8.    For costs of suit; and

//

First Amended Complaint for Damages and Equitable Relief,  Case No. C 08-00854 MEJ

1

9.     For such other and further relief as the Court deems proper.

2

DATED: February 14, 2008                    LAW OFFICES OF SOHNEN & KELLY

3

4

5

By: _____

6

HARVEY SOHNEN
Attorneys for Plaintiff
DERRICK ROSS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint for Damages and Equitable Relief,  Case No. C 08-00854 MEJ

1

## **DEMAND FOR JURY TRIAL**

2

    Plaintiff Derrick Ross hereby demands a jury trial.

3

DATED: February 14, 2008               LAW OFFICES OF SOHNEN & KELLY

4

5

6

By: _____

7

                         HARVEY SOHNEN
                         Attorneys for Plaintiff

8

                         DERRICK ROSS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint for Damages and Equitable Relief,  Case No. C 08-00854 MEJ

# Exhibit A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. _____and EEOC *State or local Agency, if any* | [ ] FEPA<br>[x] EEOC | 555-2008-00255 |

| NAME *(Indicate Mr., Ms., Mrs.)*<br>Derrick Ross | | HOME TELEPHONE *(Include Area Code)*<br>707-428-4118 |
|---|---|---|
| STREET ADDRESS<br>1205 DeAnza Court | CITY. STATE AND ZIP CODE<br>Suisun City, CA 94585    7/20/65 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below.)

| NAME<br>Independent Living Resource of Contra Costa County, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>More than 15 | TELEPHONE *(Include Area Code)*:<br>925-363-7293 |
|---|---|---|
| STREET ADDRESS<br>3200 Clayton Road | CITY. STATE AND ZIP CODE<br>Concord, CA 94519 | COUNTY<br>Contra Costa |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE *(Include Area Code)* |
| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es)* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br><br>[x] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER Pregnancy Act | EARLIEST (ADEAJEPA)     LATEST (ALL)<br>Oct. 3,        Oct. 3,<br>2007          2007<br><br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, al/ach extra sheet(s)*

See attached

**RECEIVED**

JAN 2 4 2008

**EEOC-OLO**

| [] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>January 7, 2008<br>Date:_____ Charging Party: | State of California<br>County of Solano to wit:<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>/x/_____<br>SIGNATURE OF COMPLAINANT          DATE<br><br>Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this ____ day of _____, 200__.<br><br>My commission expires:    /    / |
|---|---|

EEOC CHARGE # 555-2008-00255

Derrick Ross- Attachment to EEOC Form 5

I was hired by Independent Living Resource of Contra Costa County, Inc. ("ILR"), to work as a transition services coordinator in its facility at 1545 Webster Street, Fairfield, CA 94533, at a rate of pay of $13.00 per hour plus benefits, starting on May 14, 2007.

I am a person with a disability. I am quadriplegic, and require the use of a wheelchair. In November, 2006, I filed a lawsuit in the United States District Court, Eastern District of California, Case No. 2:06-CV-02748 GEB, asserting claims under Title III of the Americans with Disabilities Act of 1990 and other laws against Sacramento Basketball Town, LLC and other defendants, arising out of the denial of accessible facilities to me and other disabled persons at the Basketball Town Sports and Events facilities in Rancho Cordova, California.

On September 29, 2007, Basketball Town, LLC announced its closure on September 30, 2007. Its announcement claimed the closure resulted from costs associated with defending my pending civil rights lawsuit and the costs of making modifications regarding disability access. In the days following this, particularly during the period September 29, 2007 to October 3, 2007, there were newspaper and television stories about my lawsuit and the business closure, as well as a Topix.com internet public discussion of the issue.

As of October 1, 2007, my name and job title were listed on ILR's website. One entry in the Topix.com discussion on October 1, 2007 stated that I had been identified as an employee of ILR through its website, and suggested "let them hear from us." I am informed and believe, and on this basis allege, that there were communications to ILR about my prosecution of this lawsuit, including during the time period of October 1 through October 3, 2007.

As of October 3, 2007, I was an employee in good standing of ILR. I was at work, performing my normal job duties at ILR's Fairfield office, and scheduled to be in the office during my normal work hours. On that day, my supervisor, Susan Rotchy, Program Manager, was working outside of the office, and scheduled to be out of the office in Dixon for the day. Her plans changed during the morning, and she returned to the office, where she first had a private meeting with ILR's Executive Director, Eli Gelardin, and I was then called into a meeting with both of them. At this meeting, Mr. Gelardin told me I was terminated effective immediately. He stated that the reason for my termination was budget problems.

I am informed and believe and on that basis allege that I was the only employee terminated by ILR on October 3, 2007.

At the time of my termination, I was an exemplary employee.

RECEIVED

JAN 2 4 2008

EEOC-OLO

1

The reason given to me for my termination was a pretext. I was terminated as an act of retaliation for my asserting my rights under both state and federal law, and in particular for my prosecution of a lawsuit under the Americans with Disabilities Act which had been the subject of increased media and public attention in the several days before my dismissal. The termination was also an act of retaliation for my disclosing information to a government where I had reasonable cause to believe that the information disclosed a violation of state or federal statutes, rules and/or regulations, in violation of California Labor Code Section 1102.5, and an interference with my right to participate in civil rights litigation, a political activity, in violation of California Labor Code Section 1101.

Within a few days after my termination, ILR modified the list of employee names on its website to delete all names, except for those of four managers.

I seek damages for lost wages and fringe benefits, for emotional distress, punitive damages, costs and attorney fees.

RECEIVED

JAN 2 4 2008

EEOC-OLO

2

# Exhibit B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Derrick Ross<br>1205 De Anza Court<br>Suisun City, CA 94585 | From: | Oakland Local Office<br>1301 Clay Street<br>Suite 1170-N<br>Oakland, CA 94612 |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2008-00255 | Julian F. Melendres,<br>**Investigator Support Asst** | (510) 637-3242 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*[signature]*   1/25/08

**Michelle L. Nardella,**   *(Date Mailed)*
**Director**

cc:   Eli Gelardin
Executive Director
INDEPENDENT LIVING RESOURCE
Of Contra Costa County, Inc.
3200 Clayton Rd
Concord, CA 94519

# Exhibit C

**RECEIVED**

*Direct any correspondence to/Dirigir toda correspondencia a:*
**LABOR COMMISSIONER, STATE OF CALIFORNIA**

**JAN 0 7 2008**

DEPT OF INDUSTRIAL RELATIONS
LABOR STANDARDS
SACRAMENTO



**RETALIATION COMPLAINT**
**QUEJA DE REPRESALIAMIENTO**

| FOR OFFICE USE ONLY | | |
|---|---|---|
| TAKEN BY | DATE | OFFICE |
| VIOLATION OF SECTION | | NAME OF CODE |
| ASSIGNED INVESTIGATOR | | CASE NUMBER |

**PLEASE PRINT ALL INFORMATION/FAVOR DE IMPRIMIR TODA INFORMACION**

| NAME/Nombre | HOME TELEPHONE NO. TELEFONO DE CASA | CURRENT WORK PHONE NO. TELEFONO DE TRABAJO |
|---|---|---|
| Derrick Ross | (707) 428-4118 | |

YOUR ADDRESS-NUMBER AND STREET, APARTMENT OR SPACE NUMBER, CITY, ZIP CODE
DOMICILIO, NUMERO DE CALLE, APARTAMENTO. o NUMERO DE ESPACIO, CIUDAD, ZONA POSTAL
1205 De Anza Court, Suisun City, CA 94585

| SEX/Sexo | SOCIAL SECURITY /No.Seguro Social | CALIFORNIA DRIVER LICENSE No. NUMERO DE LICENCIA DE MANEJAR | DATE OF BIRTH FECHA DE NACIMIENTO |
|---|---|---|---|
| Male | 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 | - | 07/20/1965 |

| NAME OF BUSINESS/NOMBRE DEL NEGOCIO | EMPLOYER'S NAME NOMBRE DEL PATRON | |
|---|---|---|
| Independent Living Resource of Contra Costa County | | ☒ CORPORATION ☐ CORPORACION  ☐ PARTNERSHIP ☐ SOCIEDAD  ☐ SOLE OWNER ☐ DUEÑO SOLO |

ADDRESS OF BUSINESS- NUMBER AND STREET,CITY, ZIP CODE
DIRECCION DE NEGOCIO, NUMERO, CIUDAD , ZONA POSTAL
3200 Clayton Road, Concord, CA 94519

TELEPHONE NUMBER/TELEFONO
(925) 363-7293

ADDRESS WHERE YOU WORKED IF DIFFERENT THAN ABOVE/DIRECCION DE TRABAJO SI ES DIFERENTE
1545 Webster Street, Fairfield, CA 94533

DATE OF HIRE?
FECHA DE EMPLEO
05/14/2007

| YOUR DEPARTMENT AND JOB TITLE DEPARTAMENTO Y TITULO DE TRABAJO | RATE OF PAY CADENCIA DE PAGO | NUMBER OF HOURS WORKED? PROMEDIO DE HORAS TRABAJADAS? 37.5 |
|---|---|---|
| transition services coordinator | $ 13 PER HR./HORA | PER DAY/DIA ☒ PER WEEK/SEMANA |

| NAME OF SUPERVISOR/NOMBRE DE SUPERVISOR | TYPE OF BUSINESS/TIPO DE NEGOCIO | ESTIMATED NO. EMPLOYEES ESTIMADO DE NUMERO DE EMPLEADOS 15 plus |
|---|---|---|
| Susan Rotchy | counselling agency | |

| WAS YOUR JOB UNION? EL TRABAJO ERA DE UNION? | IF YES NAME AND ADDRESS OF UNION? SI, SI NOMBRE Y DIRECCION DE UNION? | TELEPHONE TELEFONO |
|---|---|---|
| no | | |

| WERE YOU DISCHARGED? FUE USTED DESPEDIDO? | IF Yes- Date SI, si-Fecha | BY WHOM? NAME AND TITLE NOMBRE Y TITULO DE LA PERSONA QUE LE DESPIDIO? | ARE YOU STILL WORKING FOR THIS EMPLOYER? SIGUE UD. TODAVIA TRABAJANDO PARA ESTE PATRON? |
|---|---|---|---|
| ☒ Yes ☐ SI ☐ No | 10/03/2007 | Eli Gelardin, Interim Exec. Dir. | ☐ Yes ☐ SI ☒ No |

| DID YOU NOTIFY YOUR EMPLOYER OF INTENTION TO FILE A CLAIM WITH THE LABOR COMMISSIONER?/NOTIFICO AL PATRON DE SU INTENCION DE ARCHIVAR UNA DEMANDA CON EL COMISIONADO DE LABOR? | IF YES-DATE SI, SI-FECHA | NAME AND TITLE OF PERSON NOTIFIED? NOMBRE Y TITULO DE LA PERSONA QUE LE NOTIFICO? |
|---|---|---|
| ☐ YES ☐ SI ☒ No | | |

| DID YOU FILE A SAFETY COMPLAINT? ARCHIVO UNA QUEJA DE LA SEGURIDAD? | IF YES-DATE SI, SI-FECHA | WITH WHOM- NAME AND ADDRESS? NOMBRE Y TITULO DE LA PERSONA QUE NOTIFICO? |
|---|---|---|
| ☐ Yes ☐ SI ☒ No | | |

| DID YOU NOTIFY OSHA? ARCHIVO CON OSHA? | ☐ YES ☐ SI ☒ No | IF YES-DATE SI, SI-FECHA | WHICH OFFICE?/CUAL OFICINA? |
|---|---|---|---|

NAME AND TITLE OF PERSON(S) YOU BELIEVE RETALIATED AGAINST YOU?
NOMBRE Y TITULO DE LA PERSONA QUE CREE TOMO REPRESALIAS CONTRA USTED? Eli Gelardin

WHAT REMEDY ARE YOU SEEKING THROUGH THIS DIVISION?
EL REMEDIO QUE USTED BUSCA POR MEDIO DE ESTA DIVISION?
damages, reinstatement,costs, attorney fees

| HAVE YOU FILED WITH ANY OTHER GROUP OR AGENCY? ARCHIVO CON CUALQUIER OTRO GRUPO O AGENCIA? | ☒ YES ☐ SI ☐ No | IF YES, WHICH OFFICE?/SI, SI CUAL OFFICINA? |
|---|---|---|

| NAME/NOMBRE | ADDRESS/DIRECCION | TELEPHONE/TELEFONO |
|---|---|---|
| EEOC; US Dist. Ct | 1301 Clay,Oakland 94612; 501 I St. Sacr. | (866) 669-4000 ; 916-930-4000 |

| ARE YOU BEING REPRESENTED BY AN ATTORNEY?/ESTA USTED REPRESENTADO POR UN ABOGADO? | ☒ YES ☐ SI ☐ No | |
|---|---|---|
| Harvey Sohnen, Sohnen & Kelly | 2 Theatre Square, Suite 230, Orinda, CA 94563-3346 | (925) 258-9300 |
| NAME/NOMBRE | ADDRESS/DIRECCION | TELEPHONE/TELEFONO |

LIST NAME, JOB TITLES AND TELEPHONE NUMBER (IF POSSIBLE) OF WITNESSES, CO-WORKERS OR THOSE YOU FEEL COULD PROVIDE
EVIDENCE IN YOUR SUPPORT TO THE ACTS YOU ARE COMPLAINING ABOUT. USE ADDITIONAL SHEETS
NOMBRES, TITULOS, Y NUMEROS DEL TELEFONO DE PERSONAS QUE PODRAN PROPORCIONAR EVIDENCIA EN SU FAVOR DE LOS ACTOS
QUE CREES TOMARON REPRESALIAS CONTRA USTED. USE HOJAS ADICIONALES .

[OVER]    Continued on Next Page

DLSE 205 REV 5/2007    RETALIATION COMPLAINT/ENGLISH-SPANISH

**STATE OF CALIFORNIA**
**DEPARTMENT OF INDUSTRIAL RELATIONS**
**DIVISION OF LABOR STANDARDS ENFORCEMENT**

Give a written statement answering each of the questions in the space provided below. After answering these questions, if you wish you may also attach additional sheets to provide a more detailed description of the circumstances of the retaliatory act. Dé una declaración escrita contestando cada una de las preguntas en el espacio proveído abajo. Después de contestar las preguntas, si desea puede añadir hojas adicionales para proveer una descripción mas detallada de las circunstancias del acto de represalia.

1.  Protected activity (What did you do that caused your employer to retaliate against you?)
    Actividad protectora (Que hizo que causo que su patron tomara represalias en cotra de usted?)

    disclosing information to U.S. District Court where I had reasonable cause to believe the information disclosed a violation of state and federal statutes, rules and regulations (Labor Code Section 1102.5);participating in civil rights litigation, a political activity (Labor Code Section 1101)

    Date of Protected Activity: Before 10/03/2007
    La Fecha de la actividad protegida:

2.  Employer knowledge (How did your employer know you engaged in a protected activity?)
    Conocimiento del patron (Como supo su patron que usted estaba participando en un actividad protectora?)

    media publicity about my lawsuit, and people contacting the employer

    Date of Employer Knowledge: Before 10/03/2007
    La Fecha de la conocimiento del empleador:

3.  Adverse action (What did your employer do to you because you engaged in a protected activity?)
    Acción adversa (Que le hizo su patron por participar en una actividad protectora?)

    termination- see attachment

    Date if Adverse Action: 10/03/2007
    La Fecha de la accion adversa:

I certify under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct.
Yo certifico bajo penalidad de perjuria, bajo la ley del estado de California, que esta es una declaración verdadera al mejor de mi conocimiento y creencia.

EXECUTED ON  January 2, 2008           , AT  Suisun City              CALIFORNIA
REALIZADO EL _____ , EN _____ CALIFORNIA

SIGNATURE/FIRMA

IF ADDITIONAL PAGES ARE USED, YOU MUST INITIAL, DATE AND NUMBER EACH PAGE. SI USA PAGINAS ADICIONALES, DEBE FIRMAR CON SUS INICIALES, FECHA Y NUMERO DE CADA PAGINA.

DLSE 205  REV 5/2007

Derrick Ross- Attachment

I was hired by Independent Living Resource of Contra Costa County, Inc. ("ILR"), to work as a transition services coordinator in its facility at 1545 Webster Street, Fairfield, CA 94533, at a rate of pay of $13.00 per hour plus benefits, starting on May 14, 2007.

I am a person with a disability. I am quadriplegic, and require the use of a wheelchair. In November, 2006, I filed a lawsuit in the United States District Court, Eastern District of California, Case No. 2:06-CV-02748 GEB, asserting claims under Title III of the Americans with Disabilities Act of 1990 and other laws against Sacramento Basketball Town, LLC and other defendants, arising out of the denial of accessible facilities to me and other disabled persons at the Basketball Town Sports and Events facilities in Rancho Cordova, California.

On September 29, 2007, Basketball Town, LLC announced its closure on September 30, 2007. Its announcement claimed the closure resulted from costs associated with defending my pending civil rights lawsuit and the costs of making modifications regarding disability access. In the days following this, particularly during the period September 29, 2007 to October 3, 2007, there were newspaper and television stories about my lawsuit and the business closure, as well as a Topix.com internet public discussion of the issue.

As of October 1, 2007, my name and job title were listed on ILR's website. One entry in the Topix.com discussion on October 1, 2007 stated that I had been identified as an employee of ILR through its website, and suggested "let them hear from us." I am informed and believe, and on this basis allege, that there were communications to ILR about my prosecution of this lawsuit, including during the time period of October 1 through October 3, 2007.

As of October 3, 2007, I was an employee in good standing of ILR. I was at work, performing my normal job duties at ILR's Fairfield office, and scheduled to be in the office during my normal work hours. On that day, my supervisor, Susan Rotchy, Program Manager, was working outside of the office, and scheduled to be out of the office in Dixon for the day. Her plans changed during the morning, and she returned to the office, where she first had a private meeting with ILR's Executive Director, Eli Gelardin, and I was then called into a meeting with both of them. At this meeting, Mr. Gelardin told me I was terminated effective immediately. He stated that the reason for my termination was budget problems.

I am informed and believe and on that basis allege that I was the only employee terminated by ILR on October 3, 2007.

At the time of my termination, I was an exemplary employee.

The reason given to me for my termination was a pretext. I was terminated as an act of retaliation for my asserting my rights under both state and federal law, and in particular for my prosecution of a lawsuit under the Americans with Disabilities Act which had been the subject of increased media and public attention in the several days before my dismissal. The termination was also an act of retaliation for my disclosing information to a government where I had reasonable cause to believe that the information disclosed a violation of state or federal statutes, rules and/or regulations, in violation of California Labor Code Section 1102.5, and an interference with my right to participate in civil rights litigation, a political activity, in violation of California Labor Code Section 1101.

Within a few days after my termination, ILR modified the list of employee names on its website to delete all names, except for those of four managers.

I seek damages for lost wages and fringe benefits, for emotional distress, punitive damages, costs and attorney fees.

**Exhibit D**

STATE OF CALIFORNIA                                                    Arnold Schwarzenegger, *Governor*

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
*Retaliation Complaint Investigation Unit*
2031 Howe Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 263-2991 Fax: (916) 263-2853

January 29, 2008


Harvey Sohnen, Esq.
Law Offices of Sohnen & Kelly
2 Theatre Square, Suite 230
Orinda, CA 94563-3346


Re:     *Case 7307- Ross v Independent Living Resource of Contra Costa County*

Dear Mr. Sohnen:

This letter is in response to our telephone conversation today and your letter regarding exhaustion of administrative remedies in the above-referenced case. The language that follows was written by our staff counsel in response to another person who wanted to pursue his action in court.

To the extent you intend to raise a common law claim of wrongful termination in violation of public policy, as expressed in Labor Code section 1102.5, exhaustion of remedies is not required prior to raising such a claim in a civil action. See *Leibert v. Transworld Systems, Inc.* (1995) 32 Cal.App.4th 1693, 1706.

Several *federal* courts have held that Labor Code section 1102.5 requires exhaustion of remedies before the Labor Commissioner prior to commencing a statutory claim in a civil action. (See *Neveu v. City of Fresno* (E.D.Cal. 2005) 392 F.Supp.2d 1159, 1179-1180; *Guttierez v. RWD Technologies* (E.D.Cal. 2003) 279 F.Supp.2d 1223, 1225-1228; *Fenters v. Yosemite Chevron* (E.D.Cal.) 2006 WL 2016536, *21-23; *Romaneck v. Deutsche Asset Mangagement* (N.D.Cal.) 2006 WL 2385327, *6-7.)

These federal courts all base their determination that Section 1102.5 requires exhaustion before the Labor Commissioner upon the California Supreme Court's decision in *Campbell v. Regents of the Univ. of California* (2005) 35 Cal.4th 311, 333. *Campbell*, however, did not explicitly rule that Section 1102.5 requires exhaustion of the Labor Commissioner's procedures. Rather, *Campbell* held that a former employee of the Regents of the University of California was required to exhaust the Regents *internal* administrative process for handling whistleblowing claims before filing a civil action for violations of Section 1102.5.

There is some disagreement, even on the federal bench, concerning whether litigants who wish to pursue a statutory claim under Section 1102.5 must first exhaust before the Labor Commissioner. For example, Judge Morrison, of the U.S. District Court for the Eastern District of California has ruled that "[t]o the extent that *Neveu* interprets *Campbell* as requiring that remedies before the Labor Commissioner must necessarily be exhausted as a prerequisite to suit under § 1102.5, this Court disagrees."

Harvey Sohnen, Esq.
January 29, 2008
Page Two


There are no published state court opinions addressing whether the Labor Commissioner's procedures must be exhausted prior to raising a statutory claim under Section 1102.5 in court. In *Murray v. Oceanside Unified School Dist.* (2000) 79Cal.App.4th 1338, 1359-1360, the court held that compliance with the procedure established by Labor Code section 98.7 was not required before an employee could pursue a statutory claim under former Labor Code section 1102.1. In reliance on the *Murray* case, the California Court of Appeal for the Fourth District, in an unpublished opinion, held that Section 1102.5 did not require exhaustion before the Labor Commissioner. See *Cates v. Division of Gambling and Control* (2007) 2007 WL 702229, *11.

The DLSE's position is that the wiser course is not to require exhaustion of Labor Code section 98.7 procedures prior to raising a statutory claim in a civil action.

Labor Code section 98.7 sets forth a statutory scheme whereby any person may file a complaint with the Labor Commissioner if that person believes that he or she as been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner. The provision explicitly provides that filing with the Labor Commissioner is discretionary on the part of an aggrieved employee, who "*may* file a complaint" with the Labor Commissioner within six months of the alleged adverse action. The Labor Commissioner is charged with investigating such discrimination complaints and issuing a report and determination of his or her findings. Subsection(c) of Labor Code section 98.7 provides that if the Labor Commissioner makes a finding of discrimination and the employer does not comply with the Labor Commissioner's Determination, then the Labor Commissioner "shall" bring an action in an appropriate court against the employer. In other words, the decision of the Labor Commissioner is not self-executing, but requires the Labor Commissioner to bring an action in court to enforce its findings if and when an employer refuses to comply with the Labor Commissioner's determination. If the Labor Commissioner finds in favor of the employee, the employee is free to pursue his or her claim in court.

Unlike the procedures at issue in *Campbell*, the Labor Commissioner's procedures under Section 98.7 are not quasi-judicial in nature. An employee, for example, will not be able to challenge an adverse finding by the Labor Commissioner in a writ of administrative mandate under Code of Civil Procedure section 1094.5. The ultimate issue in a DLSE investigation pursuant to Section 98.7 is whether or not the Labor Commissioner is going to bring a civil action to enforce the relevant statutory provision. In light of the large volume of retaliation claims processed by the DLSE, it does not make any sense to require a complainant, who is represented by counsel, and is ready and able to bring a claim in court, to file a claim with the Labor Commissioner.

Harvey Sohnen, Esq.
January 29, 2008
Page Three

The Legislature appears to have recognized this fact in its enactment of the Private Attorneys General Act (Labor Code section 2699), which provides a procedure for private litigants to enforce certain provisions of the Labor Code. Section 2699.3 contains an exhaustion provision, but it merely requires the litigant to give written notice to the Labor Workforce Development Agency, which then must decide whether or not it intends to investigate the alleged violation. Labor Code section 2699.5 lists the Labor Code sections subject to the procedures described in Section 2699.3, and it includes Section 1102.5.[1]

Since you are seeking to pursue both a common law claim for wrongful termination (which you are free to pursue directly without exhaustion of remedies) and statutory claims under Labor Code section 1102.5, in the interest of judicial economy and to preserve scarce resources, it is the DLSE's position that you are free to proceed in civil court on those claims, and the DLSE will not, pursuant to your request, pursue an investigation in this matter. Pursuant to your request, we have closed our file for the above-referenced matter as withdrawn.

I sincerely hope this adequately addresses your concerns.

Very truly yours,

*M. Rarick*

Marcia Rarick
Sr. Deputy Labor Commissioner

---

[1] Labor Code section 2699 provides that the procedures described therein apply "[n]otwithstanding any other provision of law ...." Such language by the Legislature indicates an intent to override all contrary law. *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 383, n.17.

# Exhibit E

# LAW OFFICES OF SOHNEN & KELLY

2 THEATRE SQUARE, SUITE 230
ORINDA, CALIFORNIA 94563-3346
(925) 258-9300
FAX (925) 258-9315

HARVEY SOHNEN
PATRICIA M. KELLY

EMAIL: NETLAW@PACBELL.NET

January 4, 2008

Victoria Bradshaw, Director
California Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento  CA  95814

(via certified mail)

Re:   Notice of California Labor Code § 1101 and § 1102.5 violation pursuant to
      California Labor Code §§ 2699.3(a)(1)

Dear Ms. Bradshaw:

Pursuant to California Labor Code § 2699.3(a)(1), aggrieved former employee Derrick Ross of
Independent Living Resource of Contra Costa County, Inc. ("ILR")  hereby notifies the
California Labor and Workforce Development Agency (LWDA) and ILR of the Labor Code
Section 1101 and 1102.5 violations committed by ILR against him. The enclosed, as yet unfiled,
Retaliation Complaint  identifies that Sections 1101 and  1102.5 of the Labor Code have  been
violated and the facts and theories which support this violation.

Yours truly,

Harvey Sohnen
Attorney for Derrick Ross

Enclosure

cc:    Eli Gelardin
       Interim Executive Director
       Independent Living Resource of Contra Costa County, Inc.
       3200 Clayton Road
       Concord, CA 94519  (by certified mail)



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | $2.65 | |
| Return Reciept Fee (Endorsement Required) | $2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Postmark Here — ORINDA CA — JAN 4 2008 — USPS 94563-9998

Sent To: Eli Gelardin, Int. Exec Director, Ind. Living Resource
Street, Apt. No.; or PO Box No. 3200 Clayton Road
City, State, ZIP+4 Concord CA 94519

PS Form 3800, June 2002    See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | $2.65 | |
| Return Reciept Fee (Endorsement Required) | $2.15 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $5.24 |

Postmark Here — ORINDA CA — 4 2008 — USPS 94563-9998

Sent To: Victoria Bradshaw, Dir, Cal LWDA
Street, Apt. No.; or PO Box No. 801 K St. Suite 2101
City, State, ZIP+4 Sacramento CA 95814

PS Form 3800, June 2002    See Reverse for Instructions