JOHN S. BLACKMAN (SB#114654)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518

Telephone: (650) 554-6200
Facsimile: (650) 554-6240

Attorneys for Defendant
INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK ROSS,<br><br>          Plaintiff,<br><br>vs.<br><br>INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, a California Corporation,<br><br>          Defendant. | CASE NO. C-08-00854-MEJ<br><br>DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL<br><br>Complaint Filed: February 8, 2008<br>Trial Date: None Set |

Defendant INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC., in responding to the allegations of the First Amended Complaint on file herein admits, denies and alleges as follows:

This responding defendant admits the allegations of the following numbered paragraphs: 4, 11 and 13.

This responding defendant denies each and every allegation of the following

1

numbered paragraphs of the First Amended Complaint herein: 21, 22, 26, 27, 30, 31, 32, 35 and 36.

This responding defendant lacks information, knowledge or belief sufficient to admit or deny the allegations of the following numbered paragraphs of the First Amended Complaint herein, and on that basis denies each and every allegation of the following numbered paragraphs: 1, 3, 5, 6, 9, 14, 17 and 18.

This responding defendant denies each and every allegation of paragraph 12 of the First Amended Complaint on information and belief.

To the extent plaintiffs have incorporated by reference the allegations of certain paragraphs and causes of action of their First Amended Complaint into paragraphs 15, 19, 23, 28 and 33 of their complaint, these responding defendants incorporate by reference each and every denial, allegation, defense or objection made to such incorporated allegations in the First Amended Complaint, and incorporates them in their response to paragraphs 15, 19, 23, 28 and 33 of the First Amended Complaint.

This responding defendant objects to the statement of law set forth in paragraph 16 of the First Amended Complaint herein as not being a factual allegation which is susceptible of admission or denial, and denies such allegations on that basis.  Except as otherwise expressly admitted herein, this responding defendant denies each and every factual allegation contained in paragraph 16 of the First Amended Complaint.

This responding defendant objects to the statement of law set forth in paragraph 20 of the First Amended Complaint herein as not being a factual allegation which is

2

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

susceptible of admission or denial, and denies such allegations on that basis.  Except as otherwise expressly admitted herein, this responding defendant denies each and every factual allegation contained in paragraph 20 of the First Amended Complaint.

This responding defendant objects to the statement of law set forth in paragraph 24 of the First Amended Complaint herein as not being a factual allegation which is susceptible of admission or denial, and denies such allegations on that basis.  Except as otherwise expressly admitted herein, this responding defendant denies each and every factual allegation contained in paragraph 24 of the First Amended Complaint.

This responding defendant objects to the statement of law set forth in paragraph 25 of the First Amended Complaint herein as not being a factual allegation which is susceptible of admission or denial, and denies such allegations on that basis.

This responding defendant objects to the statement of law set forth in paragraph 29 of the First Amended Complaint herein as not being a factual allegation which is susceptible of admission or denial, and denies such allegations on that basis.  Except as otherwise expressly admitted herein, this responding defendant denies each and every factual allegation contained in paragraph 29 of the First Amended Complaint.

This responding defendant objects to the statement of law set forth in paragraph 34 of the First Amended Complaint herein as not being a factual allegation which is susceptible of admission or denial, and denies such allegations on that basis.

Regarding the allegations made in paragraph 2 of the First Amended Complaint, this responding defendant admits that its principal place of business is in Contra Costa

1  County, California, but denies each and every other allegation in said paragraph on
2  information and belief.

4  Regarding the allegations made in paragraph 7 of the First Amended Complaint,
5  this responding defendant admits that Plaintiff was hired by ILR to work as a transition
6  services coordinator in its facility in Fairfield, California starting on May 14, 2007, but
7  denies each and every other allegation in said paragraph based on information and belief.

9  Regarding the allegations made in paragraph 8 of the First Amended Complaint,
10 this responding defendant admits that Plaintiff is a person with a disability, that plaintiff is a
11 quadriplegic, and requires the use of a wheelchair, but denies each and every other
12 allegation in said paragraph on information and belief.

14 Regarding the allegations made in paragraph 10 of the First Amended Complaint,
15 this responding defendant admits that as of October 1, 2007, Plaintiff's name and job title
16 were listed on ILR's website, and that at some point in time persons at ILR became aware
17 of the existence of the Basketball Town Lawsuit, but denies each and every other allegation
18 in said paragraph on lack of information and belief.

## AFFIRMATIVE DEFENSES

22 AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES TO THE
23 COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREOF, this
24 responding defendant alleges:

26 1.  That the complaint and/or each of the causes of action therein fails to allege facts

4

DEFENDANT INDEPENDENT LIVING
RESOURCE OF CONTRA COSTA COUNTY,
INC.'S ANSWER TO FIRST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL

1 sufficient to state a or any claim of relief or cause of action against this responding defendant.

2. That the incidents complained of were proximately caused and/or contributed to by the sole or concurrent negligence and/or acts or omissions of persons or entities other than this responding defendant, including plaintiff herein. Defendant therefore prays that the court compare the negligence and/or acts or omissions of all persons, firms, corporations and/or entities of any kind which proximately caused or contributed to the incidents complained of herein and the injuries, if any, sustained by plaintiff herein, and that the court award damages, if any, against this responding defendant only in proportion to its percentage of fault, if any, in accordance with applicable law, including but not limited to Civil Code sections 1430 through 1432.

3. That plaintiff's complaint, and each cause of action therein, is barred by the provisions of the applicable statutes of limitation, in particular but not limited to, Code of Civil Procedure Sections 335.1, 337, 337.1, 337.15, 337.2, 338, 339, 339.5, 340, and/or 343.

4. That plaintiff was himself negligent in and about the matters alleged in the complaint, and that said negligence of plaintiff was the sole and/or partial proximate cause of his damages herein, if any there were.

5. That the sole and/or partial proximate cause of the allegedly actionable incidents was due to the negligence and/or other misconduct of other persons or entities for whom this responding defendant is not responsible. Plaintiff's recovery herein, if any, should therefore be barred, reduced or apportioned in accordance with the

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1  degree of responsibility of those other persons or entities for the damages
2  complained of herein.

6. That plaintiff's complaint is barred because of, and/or his right to recover is diminished in proportion to, plaintiff's failure to mitigate his damages, if any there were.

7. That the injuries complained of by plaintiff, if any, were proximately caused by some other incident or happening than what has been pleaded, and/or by some other tortfeasor.

8. That plaintiff was himself guilty of a breach of contract or other misconduct which would preclude a right of recovery herein.

9. That plaintiff's complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action for punitive or exemplary damages against these answering defendants, and further, that plaintiff's purported claim for punitive or exemplary damages violates this responding defendant's rights to due process and equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution and other applicable law, in that, among other things, neither California Civil Code Section 3294 nor any other allegedly applicable provision of state substantive law provides for (1) an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of a punitive damage award; (2) adequate procedural safeguards for the imposition of punitive damages upon the presentation of evidence beyond a reasonable doubt; or (3) unanimity of

6

DEFENDANT INDEPENDENT LIVING
RESOURCE OF CONTRA COSTA COUNTY,
INC.'S ANSWER TO FIRST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL

1 | jurors as to the punitive damage portion of any adverse verdict or judgment.

10. That plaintiff's complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action for attorney's fees against this responding defendant.

11. That plaintiff's complaint, and each cause of action therein, is barred by the doctrine of laches.

12. That plaintiff's complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

13. That plaintiff's recovery herein is barred or reduced by the doctrine of equitable setoff.

14. That plaintiff, by his conduct, has waived his rights under each alleged contract or agreement.

15. That plaintiff, by his conduct, is estopped to enforce the provisions of each alleged contract or agreement.

16. That plaintiff's claims are barred in that the conduct of this responding defendant and/or any of its agents or employees, was at all times reasonable, privileged, and/or done in good faith under the circumstances.

17. That plaintiff's claims are barred by the doctrine of consent.

7

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

18. That plaintiff's claims for damages and all other relief are barred by the doctrine of acquiescence.

19. That by his conduct, representations and omissions, plaintiff has waived, relinquished and/or abandoned, and is equitably estopped to assert, any claim for relief against this responding defendant respecting the matters that are the subject of the complaint.

20. That plaintiff has failed to exhaust all administrative remedies required by law before filing this complaint, and therefore his complaint, and each cause of action thereof, is barred.

21. That plaintiff's claims for damages and all other relief are barred because the contract or contracts alleged in the complaint or any contract there may have been were substantially performed.

22. That plaintiff's claims for damages and all other relief are barred because all terms and conditions of the contract or contracts alleged in the complaint or any contract there may have been were fully performed.

23. That prior to any acts of the defendant complained of in the complaint, plaintiff had breached the contracts and obligations on which plaintiff seeks damages. Plaintiff's breaches thus prevented defendant's performance and excused any obligation to perform that might be said to be resting on defendant. Plaintiff's breaches occurred when this responding defendant was performing as the parties had expressly agreed and the breach constituted a breach of plaintiff's obligations in violation of contract

8

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

and of the inherent covenant of good faith and fair dealing.

24. That plaintiff's complaint, and each cause of action therein, fails to state any cause of action against this responding defendant in that plaintiff was an at-will employee.

25. That plaintiff's complaint, and each cause of action therein, fails to state any cause of action against this responding defendant in that the conduct of defendant alleged therein was privileged pursuant to Civil Code section 47 and related law.

26. That any and all conduct of which plaintiff complains which is attributable to this responding defendant, or its agents or employees, was a just and proper exercise of management discretion, which under the circumstances then existing was undertaken for fair and honest reasons, in good faith.

This responding defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available, and therefore this responding defendant reserves the right to assert additional affirmative defenses in the event subsequent knowledge or information indicates such defenses may be available or appropriate.

//
//
//
//
//
//

9

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WHEREFORE, this responding defendant prays that plaintiff take nothing by his complaint, and for recovery of costs of suit incurred herein, including but not limited to attorney's fees, and for such other and further relief as the court deems proper.

DATED: April 4, 2008

FARBSTEIN & BLACKMAN
A Professional Corporation

By _____
JOHN S. BLACKMAN
Attorney for Defendant
INDEPENDENT LIVING RESOURCE
OF CONTRA COSTA COUNTY, INC.

## DEMAND FOR JURY TRIAL

Defendant INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY hereby demands a jury trial.

DATED: April 4, 2008

FARBSTEIN & BLACKMAN
A Professional Corporation

By _____
JOHN S. BLACKMAN
Attorney for Defendant
INDEPENDENT LIVING RESOURCE
OF CONTRA COSTA COUNTY, INC.

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

# PROOF OF SERVICE
## Ross v. Independent Living Resource of Contra Costa County, et al.
### United States District Court, Northern District of California, San Francisco
### Case No. C08-00854-MEJ

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 411 Borel Avenue, Suite 425, San Mateo, California 94402-3518. On April 4, 2008, I served the following document(s):

**DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

on the following person(s) by the method(s) indicated below:

| | |
|---|---|
| Harvey Sohnen, Esq.<br>Patricia M. Kelly, Esq.<br>Law Offices of Sohnen & Kelly<br>2 Theatre Square, Suite 230<br>Orinda, CA 94563-3346 | Attorneys for plaintiff Derrick Ross<br>Tel: (925) 258-9300<br>Fax: 1-925-258-9315<br>email: hs@fairpaycal.com |

[ ]   by transmitting via facsimile on this date from fax number (650) 554-6240 the document(s) listed above to the fax number(s) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report is attached to this proof of service. Service by fax was made by agreement of the parties confirmed in writing.

[X]   by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, for deposit in the United States mail at San Mateo, California addressed as set forth herein. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid in the ordinary course of business.

[ ]   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth herein. Signed proof of service by the process server or delivery service is attached to this proof of service.

[ ]   by transmitting the document(s) listed above via the Court's ECF system to the persons at the email address(es) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed at San Mateo, California, on April 4, 2008.

*/s/ Suzanne T. Farbstein*
SUZANNE T. FARBSTEIN

DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL