JOHN S. BLACKMAN (SB#114654)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518
Telephone: (650) 554-6200
Facsimile: (650) 554-6240
Email: jsb@farbstein.com

Attorneys for Defendant
INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY

HARVEY SOHNEN, ESQ. (SB#62850)
PATRICIA M. KELLY, ESQ. (SB#99837)
LAW OFFICES OF SOHNEN & KELLY
2 Theatre Square, Suite 230
Orinda, CA 94563-3346
Telephone: (925) 258-9300
Facsimile: (925) 258-9315
Email: hs@fairpaycal.com; patriciakelly@pacbell.net

Attorneys for Plaintiff DERRICK ROSS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK ROSS,<br><br>     Plaintiff,<br><br>vs.<br><br>INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, a California Corporation,<br><br>     Defendant. | CASE NO. C-08-00854-TEH<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER<br><br>Date: July 7, 2008<br>Time: 1:30 p.m.<br>Courtroom: 12<br><br>Complaint Filed: February 8, 2008<br>Trial Date: None Set |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. <u>Jurisdiction and Service</u>:

   a. Jurisdiction is based on 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

1

Attendant and related causes of action arising from the same facts are also brought under California law pursuant to pendent jurisdiction, including but not limited to alleged violations of California Labor Code § 1101 and § 1102.5, and claims of wrongful termination in violation of public policy.

b. At this time, neither party intends to join any other parties.

2. <u>Facts</u>:

a. Plaintiff's contentions:

Plaintiff is quadriplegic. He was employed by Defendant as a transition services coordinator. He filed a lawsuit in the United States District Court, Eastern District of California, Case No. 2:06-CV-02748 GEB, asserting claims under Title III of the Americans with Disabilities Act of 1990 and other laws against Sacramento Basketball Town, LLC and other defendants, arising out of the denial of accessible facilities to Plaintiff and other disabled persons at the Basketball Town Sports and Events facilities.

On September 29, 2007, Basketball Town, LLC announced its closure. Its announcement claimed the closure resulted from costs of defending Plaintiff's pending lawsuit and costs of making modifications regarding disability access. From the announcement until October 3, 2007, considerable publicity ensued, including front page newspaper and television stories about Plaintiff's lawsuit and the business closure, as well as a Topix.com internet public discussion of the issue sponsored by a television station that ran the story. The Topix.com discussion ran over one hundred postings and degenerated into a long series of hate mail about Plaintiff, also identifying that Plaintiff had filed two other ADA access lawsuits, and some of the posters on that site identified him as an employee of Defendant, and suggested "let them hear from us." There followed a series of hate emails to ILR about Plaintiff, also during the same period. Eli Gelardin, appointed as interim director a few weeks before, after reviewing the hate mails and learning details about the ADA access lawsuits independently, decided to fire Plaintiff immediately based on his disapproval of Plaintiff's advocacy and an alleged expressed concern that Plaintiff's

2

continued employment might impact future funding for this non-profit organization. Plaintiff, who had been performing his job satisfactorily, was notified while at work mid-day on October 3, 2007 that he was terminated immediately and given a pretextual reason of "budgetary reasons" for the termination.

Mr. Gelardin is no longer employed by Defendant.

Plaintiff has demanded preservation of electronic and other evidence.

Plaintiff, after taking steps to comply with administrative exhaustion requirements, filed the present action. In the First Amended Complaint, he claims retaliation in violation of the ADA, violations of California Labor Code §§1101 and 1102.5, wrongful termination in violation of public policy, and violation of California Civil Codes §§51(b) and (f).

b. Defendant's contentions

Defendant contends that plaintiff was an at-will employee who was laid off due to fiscal constraints, along with a large percentage of ILR's other employees who were also laid off at approximately the same time as plaintiff.

c. The principal factual issues which the parties dispute:

(1) The reasons for Plaintiff's termination, and in particular whether his prior filing of the BasketballTown lawsuit (and the two other ADA access cases also mentioned in the hate mail defendant allegedly received) was a substantial factor in the decision to terminate him.

(2) The nature and amount of any damages sustained by plaintiff as a result of defendant's actions, if any.

3. <u>Legal Issues</u>: The principal legal issues which the parties dispute:

Whether defendant's actions violated any federal or state statute, or any common law.

4. <u>Motions</u>: The parties anticipate filing the following motions: Defendant anticipates filing a motion for summary judgment/summary adjudication.

1        5. <u>Amendment of Pleadings</u>: None anticipated at this time.

3        6. <u>Evidence Preservation</u>: Plaintiff's counsel has sent defendant's counsel a letter requesting that it preserve documents and electronic data relevant to plaintiff's claim, and defendant has agreed to do so. Counsel for the parties will continue to work together to ensure the protection of relevant electronic evidence.

8        7. <u>Disclosures</u>: The parties certify that they have made the following disclosures: Pursuant to FRCP 26, the parties have exchanged documents and have exchanged the information required under FRCP 26(a)(A) - (D).

12       8. <u>Discovery</u>. The parties agree to the following discovery plan:

         1. <u>Pre-Discovery Disclosures</u>. The parties have exchanged information required by FRCP 26(a)(1) by June 30, 2008 as scheduled. Neither side has reviewed the other side's disclosures as of this submission. If there are any issues on this topic the parties will advise the court at the case management conference.

         2. <u>Discovery Plan</u>. The parties jointly propose to the court the following discovery plan:

    Discovery will be needed on the following subjects:

        a. The actions of the parties and the parties' states of mind concerning the issues raised in the complaint;

        b. Percipient witnesses' knowledge concerning the issues raised in the complaint

        c. Defendant's financial condition around the time of plaintiff's termination, and the reasons for plaintiff's termination

    The parties are cooperating in the discovery of electronically stored information. It is too early to set a date certain by which all discovery is to be completed.

4

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT & [PROPOSED] ORDER

At present the parties believe there is no need to alter the limitations on discovery set forth in the FRCP.

9. <u>Class Actions</u>:  Not applicable.

10. <u>Related Cases</u>:  Not applicable.

11. <u>Relief</u>: Plaintiff's past economic loss is about $35,000 to date, and his economic loss is continuing at the rate of about $2,900 per month, as he has not obtained other employment. Plaintiff also seeks general damages for emotional distress, punitive damages, and seeks costs and an award of attorney fees. Defendant denies any liability, and therefore denies that any damages are owed to plaintiff.

12. <u>Settlement and ADR</u>:  The parties have stipulated to mediation through the court's program to be completed by October 30, 2008.

13. <u>Consent to Magistrate Judge for All Purposes</u>:  ILR has objected to assignment of this case to United States Magistrate Judge Maria Elena James, and consequently, this matter has been assigned to the Honorable Thelton E. Henderson.

14. <u>Other References</u>: The parties do not agree to binding arbitration, and at this time see no need for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Counsel for the parties are continuing to discuss ways to narrow the issues in this case.

16. <u>Expedited Schedule</u>: The parties believe the court's normal scheduling will be

5

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT & [PROPOSED] ORDER

appropriate for this case.

     **17. Scheduling**: At this early stage in the litigation the parties believe it is too soon to set up the pretrial schedule. The parties estimate that they will be more able to address this issues within 60 days.

     **18. <u>Trial</u>**: Both parties have demanded a jury trial. Plaintiff estimates that trial will last 3-4 days. Defendant estimates that trial will last approximately 7 days.

     **19. <u>Disclosure of Non-party Interested Entities or Persons</u>**: Neither party is aware of any non-party interested entities or persons.

     **20. <u>Other Matters</u>**: Not applicable.

June 30, 2008                              FARBSTEIN & BLACKMAN, APC

                                        /S/
                         _____
                              JOHN S. BLACKMAN[1]
                              Attorneys for Defendant
                    INDEPENDENT LIVING RESOURCE
                     OF CONTRA COSTA COUNTY, INC.

                        LAW OFFICES OF SOHNEN & KELLY

                                          /S/
                         _____
                               HARVEY SOHNEN
                               Attorney for Plaintiff
                               DERRICK ROSS

---

[1] As the e-filer, I attest that each of the signatories hereto has concurred in the filing of this document.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

DATED:_____                          _____
                                                                                                                         United States District Court Judge

# PROOF OF SERVICE
## Ross v. Independent Living Resource of Contra Costa County, et al.
United States District Court, Northern District of California, San Francisco
Case No. C08-00854-MEJ

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 411 Borel Avenue, Suite 425, San Mateo, California 94402-3518. On June 30, 2008, I served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

on the following person(s) by the method(s) indicated below:

| Harvey Sohnen, Esq.<br>Patricia M. Kelly, Esq.<br>Law Offices of Sohnen & Kelly<br>2 Theatre Square, Suite 230<br>Orinda, CA 94563-3346 | Attorneys for plaintiff Derrick Ross<br>Tel: (925) 258-9300<br>Fax: 1-925-258-9315<br>email: hs@fairpaycal.com;<br>         patriciakelly@pacbell.net |
|---|---|

[ ]   by transmitting via facsimile on this date from fax number (650) 554-6240 the document(s) listed above to the fax number(s) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report is attached to this proof of service. Service by fax was made by agreement of the parties confirmed in writing.

[X]   by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, for deposit in the United States mail at San Mateo, California addressed as set forth herein. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid in the ordinary course of business.

[ ]   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth herein. Signed proof of service by the process server or delivery service is attached to this proof of service.

[X]   by transmitting the document(s) listed above via the Court's ECF system to the persons at the email address(es) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct. Executed at San Mateo, California, on June 30, 2008.

*/s/ Suzanne Farbstein*
SUZANNE T. FARBSTEIN