IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK ROSS,

            Plaintiff,

    v.

INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY,

           Defendant.

NO. C08-00854 TEH

ORDER RE HEARING ON MOTION FOR SUMMARY JUDGMENT

      This matter is scheduled for hearing on Monday, July 19, 2010, at 10:00am, on Defendant's motion for summary judgment. The parties shall be prepared to address the following questions at the motion hearing:

**For Both Parties**

1. Defendant characterizes this as a mixed-motives case, and argues that the Supreme Court's decision in *Gross v. FBL Financial Services* should apply. However, Plaintiff alleges in the Third Amended Complaint ("TAC") that the "reason given to Plaintiff for his termination was a pretext." TAC ¶ 12. In light of Plaintiff's pretext theory, should the Court analyze this case under the *McDonnell Douglas* standard? *See Brown v. City of Tucson*, 336 F.3d 1181, 1186 (9th Cir. 2003) (observing that courts "have almost uniformly adopted the burden-shifting analysis set forth by the Supreme Court in *McDonnell Douglas*" in examining ADA retaliation claims). On what basis should this Court determine whether to analyze Plaintiff's retaliation claim under *Gross* or *McDonnell Douglas*?

2. If the Court grants summary judgment to Defendant as to Plaintiff's claim under section 1101 of the California Labor Code, would that decision also dispose of the prayer for attorneys' fees pursuant to the Private Attorneys General Act?

**For Defendant**

3. You appear to believe that Ross's prosecution of the Basketball Town lawsuit could only be political if he had been actively publicizing the case. However, the definition of "political" endorsed in *Gay Law Students Ass'n v. Pac. Tel. & Tel. Co.*, 24 Cal. 3d 458, 487 (1979), requires only the espousal of a cause plus "some degree of action to promote the acceptance thereof by other persons." Can't Ross's pursuit of the lawsuit *by itself* meet the low threshold of "some degree of action," especially in light of the publicity that was in fact generated by the action he undertook?

4. If the ADA retaliation claim survives summary judgment, do you concede that the claim for the tort of wrongful termination survives, as well?

**For Plaintiff**

5. You argue that the existence of a policy controlling employees' political activity should be inferred from Plaintiff's termination and statements by ILR managers disapproving litigation advocacy. However, Plaintiff's termination represents a single episode – not a policy – and the statements cited demonstrate only ILR's policy not to prosecute ADA claims *as an agency*. How, based on this evidence, could a fact-finder infer the existence of a policy controlling *employees'* political activities?

**IT IS SO ORDERED.**

Dated: 7/15/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2