IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK ROSS,

    Plaintiff,

v.

INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY,

    Defendant.

NO. C08-00854 TEH

ORDER RE: MOTIONS IN LIMINE

After carefully considering the parties' written arguments and finding oral argument to be unnecessary, the Court hereby rules on the Plaintiff's motions in limine as follows:

**I. Plaintiff's Motion to Exclude Testimony Relating to the Employment of Plaintiff's Wife**

Plaintiff argues that evidence regarding the employment of his wife, LaKesha Ross, is irrelevant and unfairly prejudicial. The court rejects both arguments. First, the fact that Mrs. Ross was employed during the fourteen months following Plaintiff's termination by Defendant is relevant to the nature and extent of the Plaintiff's emotional distress damages. Second, while evidence of the wealth or poverty of litigants can be prejudicial, here it is highly probative of the nature and extent of Plaintiff's emotional distress damages. Thus any prejudice that results from evidence of Mrs. Ross's employment is not unfair. Given the limited relevance of this evidence, however, testimony relating to Mrs. Ross's employment must be strictly confined to the fact that she was employed during the relevant time period, the nature of her employment during this time period, and the amount of income she received

1 during this time period. Accordingly, Plaintiff's motion to exclude testimony relating to Mrs.
2 Ross's employment is DENIED.

## II. Plaintiff's Motion to Exclude Evidence of Witness Heather Agdeppa's Loss of Files in 2006

Plaintiff seeks to exclude evidence relating to the loss of Independent Living Resource ("ILR") files from witness Heather Agdeppa's vehicle in October 2006. Plaintiff argues that this evidence is irrelevant, and even if relevant, should be excluded because it would cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, and waste time. While a witness's veracity and potential bias is relevant, here no foundation has been laid to suggest that Agdeppa's loss of ILR files bears upon these characteristics. Therefore, the marginal probative value of Defendant's claims that Agdeppa misappropriated ILR files is substantially outweighed by the danger of unfair prejudice. Furthermore, delving into the circumstances of the files' disappearance would confuse the issues, mislead the jury, cause undue delay, and waste time. Accordingly, Plaintiff's motion to exclude evidence relating to Agdeppa's loss of ILR files in October 2006 is GRANTED.

## III. Plaintiff's Motion to Exclude Witness Susan Rotchy's Testimony Relating to the Circumstances of Plaintiff's Termination

Witness Susan Rotchy testified at her deposition that Plaintiff was not fired, but "let go just like everybody else," and Plaintiff argues that this testimony should be excluded because it is unfairly prejudicial, confuses the issues, misleads the jury, causes undue delay, wastes time, and is unnecessarily cumulative. If the testimony is not excluded, Plaintiff contends that the Court should conduct a preliminary evidentiary hearing outside the presence of the jury under Rule 104(c) of the Federal Rules of Evidence. The Court rejects these arguments. If Defendant is able to show that Rotchy, as Plaintiff's former supervisor, has personal knowledge of the circumstances of Plaintiff's termination, this evidence is highly probative and thus not unfairly prejudicial. Furthermore, Rotchy's testimony does not

2

confuse the issues, will not mislead the jury or cause undue delay, and is not cumulative. Finally, Rule 104(c) of the Federal Rules of Evidence applies to the admissibility of confessions as well as other preliminary matters in which the interests of justice require a hearing out of the presence of the jury, or in which an accused is a witness and so requests. Rotchy's testimony is not a confession, she is not an accused requesting a hearing outside the presence of the jury, and the interests of justice do not require preliminary questions of fact that relate to Rotchy's testimony to be resolved outside the presence of the jury. Accordingly, Plaintiff's motion to exclude Rotchy's characterization of Plaintiff's termination is DENIED.

## IV. Plaintiff's Motion to Exclude Witness Susan Rotchy's Testimony that ILR Was in Serious Financial Trouble

Plaintiff seeks to exclude witness Susan Rotchy's testimony that ILR was in "serious trouble" financially. Plaintiff contends that this testimony is an improper lay opinion, and that it would cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, waste time, and result in cumulative evidence. If Rotchy's testimony is not excluded, Plaintiff argues that the Court should conduct a preliminary evidentiary hearing outside the presence of the jury under Rule 104(c) of the Federal Rules of Evidence. The Court rejects these arguments. First, where the appropriate foundation is laid, a witness need not be an expert to perceive that his or her employer is experiencing financial trouble. Second, financial difficulties at ILR are highly probative of Eli Galardin's motive for terminating Plaintiff, and thus any prejudice that results from such evidence is not unfair, nor does it confuse the issues, mislead the jury, cause undue delay, waste time, or present cumulative evidence. Third, as noted above, Rule 104(c) of the Federal Rules of Evidence does not apply because Rotchy's testimony is not a confession, she is not an accused requesting a hearing outside the presence of the jury, and the interests of justice do not require preliminary questions of fact relating to her testimony to be resolved outside the presence of the jury. Accordingly, Plaintiff's motion to exclude Rotchy's testimony about the financial condition of ILR is DENIED.

**V. Plaintiff's Motion to Exclude Evidence of Witness Eli Galardin's Appointment to the State Independent Living Council**

Plaintiff contends that evidence regarding witness Eli Galardin's appointment to the State Independent Living Council is irrelevant and, even if it were relevant, is unfairly prejudicial. While Galardin's appointment is relevant to show his commitment to the rights of persons with disabilities, its probative value is marginal, especially given that Galardin's appointment postdated Plaintiff's termination. Whatever probative value it does have is outweighed by the fact that the evidence is likely to confuse the issues and cause undue delay. Accordingly, Plaintiff's motion to exclude evidence of Galardin's appointment to the State Independent Living Counsel is GRANTED.

**IT IS SO ORDERED.**

Dated: 8/17/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT