IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK ROSS,

                Plaintiff,

        v.

INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY,

                Defendant.

NO. C08-00854 TEH

ORDER RE: JURY TRIAL

This matter came before the Court on August 9, 2010, on Defendant Independent Living Resource of Contra Costa County's ("ILR") supplemental objections to the jury instructions and special verdict form proposed and amended by Plaintiff Derrick Ross ("Ross"). The issue raised by Defendant is whether to proceed with a jury trial in Plaintiff's claim under section 503 of the Americans with Disabilities Act of 1990 ("ADA") as well as his claim of wrongful discharge in violation of public policy. The Court is in receipt of Defendant's supplemental arguments, which came in the form of two declarations by Barbara L. Lyons transmitting ILR's revised jury instructions and proposed special verdict form, as well as Plaintiff's opposition, which can be found in a memorandum of points and authorities regarding proposed jury instructions and verdict forms. This important issue should have been raised earlier in this litigation and in the proper form, but in the interest of time the Court has researched the question and reached preliminary conclusions described below.

//
//
//
//
//

**I. Whether to Conduct a Jury Trial for Plaintiff's Claim Under ADA Section 503 (Retaliation for Enforcing ADA Rights)**

Defendant argues that ADA retaliation claims are equitable in nature, and cannot be tried to a jury. The Ninth Circuit's decision in *Tannislado Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009), supports this argument, and thus no jury trial is available for Plaintiff's ADA retaliation claim.

**II. Whether to Conduct a Jury Trial for Plaintiff's Claim of Wrongful Discharge in Violation of Public Policy**

Defendant contends that conducting a jury trial to resolve Plaintiff's wrongful discharge claim would improperly circumvent the equitable limits of the ADA. The Court disagrees. While Defendant finds support in the broad language of *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143 (1998), this case is not dispositive. As the Ninth Circuit noted in *Freund v. Nycomed Amersham*, 347 F.3d 752 (9th Cir. 2003), "[t]he California Supreme Court has made clear that damages for wrongful discharge in violation of public policy are not limited to those specified in the underlying statute that was violated." *Id.* at 759-60. Therefore, because Plaintiff's wrongful discharge claim is not limited by the equitable nature of Plaintiff's ADA claim, a jury trial is available.

**III. How to Conduct the Trial**

Rather than conduct separate trials for each claim, the Court is inclined to try both claims concurrently. The jury will be instructed in the substantive law governing the wrongful discharge claim, and told that, in addition, the trial involves another claim, which the jury is to ignore because that claim will be decided by the Court.

//
//
//
//

2

**IV. How to Raise Objections**

    If either party objects to the above determinations, the Court will conduct oral argument at 8:30 a.m. Tuesday, August 24, 2010, before trial begins. If either party wishes to submit written arguments, file them by noon on Monday, August 23, 2010. Any further deviations from the rules and deadlines imposed by this Court shall result in the imposition of monetary sanctions.

**IT IS SO ORDERED.**

Dated: 8/18/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT