INSTRUCTION NO. 1

BURDEN OF PROOF

AT THE BEGINNING OF THE CASE, I TOLD YOU THAT
PLAINTIFF HAS THE BURDEN OF PROVING HIS CASE BY A
PREPONDERANCE OF THE EVIDENCE.  THAT MEANS THAT
PLAINTIFF HAS TO PRODUCE EVIDENCE WHICH, CONSIDERED IN
LIGHT OF ALL THE FACTS, LEADS YOU TO BELIEVE THAT WHAT
PLAINTIFF CLAIMS IS MORE LIKELY TRUE THAN NOT TRUE.  TO
PUT IT DIFFERENTLY, IF YOU WERE TO PUT PLAINTIFF'S AND
DEFENDANT'S EVIDENCE ON OPPOSITE SIDES OF A SET OF
SCALES, PLAINTIFF WOULD HAVE TO MAKE THE SCALES TIP
SLIGHTLY ON THAT SIDE.  IF PLAINTIFF FAILS TO MEET THIS
BURDEN, THE VERDICT MUST BE FOR DEFENDANT.

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN
PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THIS

1

CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

THOSE OF YOU WHO HAVE SAT ON CRIMINAL CASES WILL HAVE HEARD OF A STANDARD OF PROOF CALLED "PROOF BEYOND A REASONABLE DOUBT."  "PROOF BEYOND A REASONABLE DOUBT" IS A STRICTER STANDARD – I.E., IT REQUIRES MORE PROOF THAN A PREPONDERANCE OF EVIDENCE.  THE REASONABLE DOUBT STANDARD DOES NOT APPLY TO A CIVIL CASE AND YOU SHOULD, THEREFORE, PUT IT OUT OF YOUR MIND.

AS I HAVE ALREADY STATED, THE BURDEN IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE.  IF THE PROOF SHOULD FAIL TO ESTABLISH ANY

ESSENTIAL ELEMENT OF PLAINTIFF'S CLAIM BY A

PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR

THE DEFENDANTS.

INSTRUCTION NO. 2

BURDEN OF PROOF – DOES NOT REQUIRE ABSOLUTE CERTAINTY

ALTHOUGH THE BURDEN IS ON THE PARTY WHO ASSERTS THE AFFIRMATIVE OF AN ISSUE TO PROVE HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

IN A CIVIL ACTION SUCH AS THIS, IT IS PROPER TO FIND THAT A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF ON AN ISSUE OF FACT IF, AFTER CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY THAN NOT TRUE.

INSTRUCTION NO. 3

<u>EVIDENCE</u>

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE CONSISTS OF (1) THE SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, REGARDLESS OF WHO CALLED THE WITNESSES; (2) THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE, INCLUDING THE SWORN DEPOSITION TESTIMONY OF WITNESSES; AND (3) ANY FACTS TO WHICH ALL THE LAWYERS HAVE AGREED OR STIPULATED.

INSTRUCTION NO. 4

WHAT IS NOT EVIDENCE

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY
THE TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE.
CERTAIN THINGS ARE NOT EVIDENCE AND YOU MAY NOT
CONSIDER THEM IN DECIDING WHAT THE FACTS ARE.  I WILL
LIST THEM FOR YOU.

1.     ARGUMENTS AND STATEMENTS BY LAWYERS ARE
NOT EVIDENCE.  THE LAWYERS ARE NOT WITNESSES.  WHAT
THEY HAVE SAID IN THEIR OPENING STATEMENTS, CLOSING
ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU
INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE.  IF THE
FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE
LAWYERS HAVE STATED THEM, YOUR MEMORY OF THEM IS
WHAT CONTROLS.

2.     QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE.  ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE.  YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT.

3.     TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED.

4.     ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO DECIDE THE CASE SOLELY ON THE BASIS OF THE EVIDENCE RECEIVED AT THE TRIAL.

INSTRUCTION NO. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE, GENERALLY SPEAKING, TWO KINDS OF EVIDENCE:  DIRECT AND CIRCUMSTANTIAL.  DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY OF AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE IS INDIRECT EVIDENCE – THAT IS, PROOF OF A CHAIN OF FACTS FROM WHICH YOU COULD FIND THAT ANOTHER FACT EXISTS, EVEN THOUGH IT HAS NOT BEEN PROVEN DIRECTLY.  YOU ARE ENTITLED TO CONSIDER BOTH KINDS OF EVIDENCE.  AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE.  THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

IT IS ALSO FOR YOU TO DECIDE WHETHER A FACT HAS BEEN PROVEN BY CIRCUMSTANTIAL EVIDENCE.  IN MAKING THAT DECISION, YOU MUST CONSIDER ALL THE EVIDENCE IN THE LIGHT OF REASON, AS WELL AS YOUR OWN COMMON SENSE AND EXPERIENCE.  FURTHERMORE, YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS SEEM JUSTIFIED IN LIGHT OF YOUR EXPERIENCE.

INFERENCES ARE DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM FACTS THAT HAVE BEEN ESTABLISHED BY THE EVIDENCE IN THE CASE.

INSTRUCTION NO. 6

<u>CREDIBILITY OF WITNESSES</u>

IN DECIDING WHAT THE FACTS ARE, YOU MUST CONSIDER ALL OF THE EVIDENCE.  IN DOING THIS, YOU MUST DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE.  YOU MAY BELIEVE ALL OR ANY PART OF ANY WITNESS'S TESTIMONY.  YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.  IN MAKING THAT DECISION, YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, OR BY THE MANNER IN WHICH THE WITNESS TESTIFIES, OR BY THE CHARACTER OF THE TESTIMONY GIVEN, OR BY THE EVIDENCE TO THE CONTRARY OF THE TESTIMONY GIVEN.  YOU MAY ALSO TAKE INTO ACCOUNT A NUMBER OF FACTORS ABOUT A WITNESS, INCLUDING:

1.     HIS ABILITY TO SEE, OR HEAR, OR KNOW THE THINGS
ABOUT WHICH HE TESTIFIES.


2.     THE EXTENT OF HIS CAPACITY TO PERCEIVE,
RECOLLECT OR COMMUNICATE ANY MATTER ABOUT WHICH HE
TESTIFIES.


3.     THE WITNESS'S DEMEANOR WHILE TESTIFYING AND
THE MANNER IN WHICH HE TESTIFIED.


4.     HIS CHARACTER FOR HONESTY OR TRUTHFULNESS OR
THEIR OPPOSITES.


5.     THE EXISTENCE OR NONEXISTENCE OF BIAS,
INTEREST, OR OTHER MOTIVE.


6.     THE EXISTENCE OR NONEXISTENCE OF ANY FACT
TESTIFIED TO BY HIM.

11

7.     HIS ATTITUDE TOWARD THE ACTION IN WHICH HE

TESTIFIES OR TOWARD THE GIVING OF TESTIMONY.


8.     HIS ADMISSION OF UNTRUTHFULNESS.


9.     THE REASONABLENESS OF THE WITNESS'S

TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.


10.     WHETHER THE WITNESS'S TESTIMONY

CONTRADICTED, OR IS CONSISTENT WITH, WHAT THAT WITNESS

HAS SAID OR DONE AT ANOTHER TIME, OR BY THE TESTIMONY

OF OTHER WITNESSES, OR BY OTHER EVIDENCE.


IN DECIDING WHETHER OR NOT TO BELIEVE A WITNESS,

KEEP IN MIND THAT PEOPLE SOMETIMES FORGET THINGS.  YOU

THEREFORE NEED TO CONSIDER WHETHER A CONTRADICTION

IS AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL

FALSEHOOD, AND THAT MAY DEPEND ON WHETHER IT HAS TO

DO WITH AN IMPORTANT FACT OR ONLY A SMALL DETAIL.

INSTRUCTION NO. 7

<u>DISCREPANCIES IN TESTIMONY</u>

DISCREPANCIES IN A WITNESS'S TESTIMONY OR BETWEEN HIS OR HER TESTIMONY AND THAT OF OTHERS, IF THERE WERE ANY, DO NOT NECESSARILY MEAN THAT THE WITNESS SHOULD BE DISCREDITED.  FAILURE OF RECOLLECTION IS COMMON. INNOCENT MISRECOLLECTION IS ALSO COMMON.  TWO PERSONS WITNESSING AN INCIDENT OR A TRANSACTION OFTEN WILL SEE OR HEAR IT DIFFERENTLY.  IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

INSTRUCTION NO. 8

<u>WITNESS WILLFULLY FALSE</u>

A WITNESS WHO IS WILLFULLY FALSE IN ONE MATERIAL PART OF HIS OR HER TESTIMONY MAY BE DISTRUSTED IN OTHERS.  YOU MAY REJECT THE ENTIRE TESTIMONY OF A WITNESS WHO WILLFULLY HAS TESTIFIED FALSELY AS TO A MATERIAL POINT UNLESS, FROM ALL THE EVIDENCE, YOU BELIEVE THE PROBABILITY OF TRUTH FAVORS HIS OR HER TESTIMONY IN OTHER PARTICULARS.

INSTRUCTION NO. 9

<u>OPINION EVIDENCE – EXPERT WITNESSES</u>

YOU HAVE HEARD TESTIMONY FROM PERSONS DESCRIBED AS EXPERTS.  PERSONS WHO, BY EDUCATION AND EXPERIENCE, HAVE BECOME EXPERT IN SOME FIELD MAY STATE THEIR OPINION ON MATTERS IN THAT FIELD AND MAY ALSO STATE THE REASONS FOR THEIR OPINION.

EXPERT OPINION TESTIMONY SHOULD BE JUDGED JUST AS ANY OTHER TESTIMONY.  YOU MAY ACCEPT IT OR REJECT IT, AND GIVE IT AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR THE OPINION, AND ALL THE OTHER EVIDENCE IN THE CASE.

INSTRUCTION NO. 10


<u>ORAL ADMISSIONS</u>


EVIDENCE AS TO ANY ORAL ADMISSIONS, CLAIMED TO HAVE BEEN MADE OUTSIDE OF COURT BY A PARTY TO ANY CASE, SHOULD ALWAYS BE CONSIDERED WITH CAUTION AND WEIGHED WITH GREAT CARE.  THE PERSON MAKING THE ALLEGED ADMISSION MAY HAVE BEEN MISTAKEN, OR MAY NOT HAVE EXPRESSED CLEARLY THE MEANING INTENDED; OR THE WITNESS TESTIFYING TO AN ALLEGED ADMISSION MAY HAVE MISUNDERSTOOD, OR MAY HAVE MISQUOTED WHAT WAS ACTUALLY SAID.


HOWEVER, WHEN AN ORAL ADMISSION MADE OUTSIDE OF COURT IS PROVED BY RELIABLE EVIDENCE, SUCH AN ADMISSION MAY BE TREATED AS TRUSTWORTHY, AND SHOULD

BE CONSIDERED ALONG WITH ALL OTHER EVIDENCE IN THE

CASE.

INSTRUCTION NO. 11

CHARTS AND SUMMARIES

THE PARTIES HAVE SHOWN YOU CERTAIN CHARTS AND
SUMMARIES THAT HAVE NOT BEEN RECEIVED IN EVIDENCE IN
ORDER TO HELP EXPLAIN THE CONTENTS OF BOOKS, RECORDS,
DOCUMENTS, OR OTHER EVIDENCE IN THE CASE. THEY ARE NOT
THEMSELVES EVIDENCE OR PROOF OF ANY FACTS.  IF THEY DO
NOT CORRECTLY REFLECT THE FACTS OR FIGURES SHOWN BY
THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THESE
CHARTS AND SUMMARIES AND DETERMINE THE FACTS FROM
THE UNDERLYING EVIDENCE.

ON THE OTHER HAND, SOME CHARTS AND SUMMARIES
HAVE BEEN RECEIVED INTO EVIDENCE TO ILLUSTRATE
INFORMATION BROUGHT OUT IN THE TRIAL.  CHARTS AND
SUMMARIES ARE ONLY AS GOOD AS THE UNDERLYING

EVIDENCE THAT SUPPORTS THEM.  YOU SHOULD, THEREFORE,

GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THE

UNDERLYING EVIDENCE DESERVES.

INSTRUCTION NO. 12

WEIGHT OF EVIDENCE

THE WEIGHT OF THE EVIDENCE PRESENTED DOES NOT
NECESSARILY DEPEND ON THE NUMBER OF WITNESSES
TESTIFYING ON EITHER SIDE.  YOU MUST CONSIDER ALL OF THE
EVIDENCE IN THE CASE, AND YOU MAY DECIDE THAT THE
TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE
SIDE HAS MORE WEIGHT THAN THE TESTIMONY OF A GREATER
NUMBER OF WITNESSES ON THE OTHER SIDE.

INSTRUCTION NO. 13

SINGLE WITNESS

THE TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS A BELIEF IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, YOU HOLD GREATER BELIEF IN THE ACCURACY AND RELIABILITY OF THE ONE WITNESS.

INSTRUCTION NO. 14

FAILURE TO DENY OR EXPLAIN ADVERSE EVIDENCE

IN DETERMINING WHAT INFERENCES TO DRAW FROM THE EVIDENCE, YOU MAY CONSIDER, AMONG OTHER THINGS, A PARTY'S FAILURE TO EXPLAIN OR TO DENY SUCH EVIDENCE.

INSTRUCTION NO. 15

FAILURE TO PRODUCE AVAILABLE STRONGER EVIDENCE

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTERS AT ISSUE IN THIS TRIAL.  NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED IN THE EVIDENCE IN THE CASE.

HOWEVER, IF WEAKER AND LESS SATISFACTORY EVIDENCE IS OFFERED BY A PARTY, WHEN IT WAS WITHIN HIS POWER TO PRODUCE STRONGER AND MORE SATISFACTORY EVIDENCE, YOU MAY, BUT ARE NOT REQUIRED TO, CONSIDER THIS FACT IN YOUR DELIBERATIONS.

INSTRUCTION NO. 16

## LIMITING INSTRUCTION

SOME EVIDENCE HAS BEEN ADMITTED ONLY FOR A

PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL

PURPOSES.  FOR THE LIMITED PURPOSE FOR WHICH THE

EVIDENCE HAS BEEN RECEIVED, YOU MAY GIVE IT SUCH

WEIGHT AS YOU FEEL IT DESERVES.  YOU MAY NOT, HOWEVER,

USE THIS EVIDENCE FOR ANY OTHER PURPOSE NOT

SPECIFICALLY MENTIONED.

INSTRUCTION NO. 17

STIPULATIONS OF FACT

THE PARTIES HAVE AGREED TO CERTAIN FACTS THAT I

WILL NOW STATE TO YOU.  YOU SHOULD THEREFORE TREAT

THE FOLLOWING FACTS AS HAVING BEEN PROVED:

1. PLAINTIFF WAS EMPLOYED BY DEFENDANT FROM MAY

14, 2007, UNTIL OCTOBER 3, 2007.

2. PLAINTIFF'S RATE OF PAY WHILE EMPLOYED BY

DEFENDANT WAS $120 PER DAY.

3. PLAINTIFF WAS QUADRIPLEGIC DURING THE TIME

PERIODS PERTINENT TO PLAINTIFF'S CLAIM.

INSTRUCTION NO. 18

<u>APPLICATION OF INSTRUCTIONS TO EACH PARTY</u>

UNLESS OTHERWISE STATED, YOU SHOULD CONSIDER EACH INSTRUCTION GIVEN TO APPLY SEPARATELY AND INDIVIDUALLY TO THE PLAINTIFF AND TO THE DEFENDANT.

INSTRUCTION NO. 19


<u>EQUALITY OF PARTIES</u>


THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE.  ALL PERSONS STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

INSTRUCTION NO. 20

SUMMARY OF CLAIMS AND DEFENSES

TO HELP YOU FOLLOW THE EVIDENCE, I WILL GIVE YOU A BRIEF SUMMARY OF THE POSITIONS OF THE PARTIES:

THIS IS AN EMPLOYMENT DISCRIMINATION CLAIM BY PLAINTIFF DERRICK ROSS AGAINST HIS FORMER EMPLOYER, DEFENDANT INDEPENDENT LIVING RESOURCE OF CONTRA COSTA COUNTY, INC.  PLAINTIFF, WHO IS QUADRIPLEGIC, WORKED FOR DEFENDANT, A NON-PROFIT CORPORATION, FROM MAY 14, 2007 UNTIL OCTOBER 3, 2007.

PLAINTIFF CONTENDS THAT DEFENDANT WRONGFULLY TERMINATED HIM IN RETALIATION FOR FILING A WHEELCHAIR ACCESS LAWSUIT AGAINST AN ENTITY UNRELATED TO

DEFENDANT, WHICH GENERATED ADVERSE PUBLICITY IN

DEFENDANT'S COMMUNITY.


DEFENDANT CONTENDS THAT PLAINTIFF'S EMPLOYMENT

WAS TERMINATED IN RESPONSE TO THE COMPANY'S FINANCIAL

PROBLEMS, AND THAT PLAINTIFF WAS NOT TERMINATED

BECAUSE OF THE WHEELCHAIR ACCESS LAWSUIT.

INSTRUCTION NO. 21

<u>WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY</u>

PLAINTIFF CLAIMS HE WAS DISCHARGED FROM EMPLOYMENT FOR REASONS THAT VIOLATE A PUBLIC POLICY. TO ESTABLISH THIS CLAIM, PLAINTIFF MUST PROVE ALL OF THE FOLLOWING:

1.   PLAINTIFF WAS EMPLOYED BY DEFENDANT;

2.   DEFENDANT DISCHARGED PLAINTIFF;

3.   DEFENDANT DISCHARGED PLAINTIFF ON OCTOBER 3, 2007, BECAUSE OF PLAINTIFF'S FILING OF A WHEELCHAIR ACCESS LAWSUIT, THAT IS, DEFENDANT WOULD NOT HAVE DISCHARGED PLAINTIFF ON

OCTOBER 3, 2007, BUT FOR PLAINTIFF'S FILING OF A

WHEELCHAIR ACCESS LAWSUIT.


4.      DEFENDANT'S DISCHARGE OF PLAINTIFF CAUSED

PLAINTIFF HARM.

INSTRUCTION NO. 22

WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY –

DAMAGES

IF YOU FIND THAT DEFENDANT DISCHARGED PLAINTIFF IN

VIOLATION OF PUBLIC POLICY, THEN YOU MUST DECIDE THE

AMOUNT OF DAMAGES THAT PLAINTIFF HAS PROVEN HE IS

ENTITLED TO RECOVER, IF ANY. TO MAKE THAT DECISION, YOU

MUST:

1.   DECIDE THE AMOUNT THAT PLAINTIFF WOULD HAVE

EARNED, INCLUDING ANY BENEFITS AND PAY

INCREASES, FOR THE PERIOD HE WAS REASONABLY

CERTAIN TO HAVE CONTINUED WORKING FOR

DEFENDANT, BEGINNING OCTOBER 3, 2007, THE DATE

OF PLAINTIFF'S TERMINATION, AND ENDING NO

LATER THAN DECEMBER 7, 2008, THE DAY BEFORE THE

FIRST DAY OF PLAINTIFF'S NEW EMPLOYMENT; AND


2.    ADD DAMAGES FOR HUMILIATION, EMBARRASSMENT,

AND MENTAL AND EMOTIONAL DISTRESS AND

DISCOMFORT, IF YOU FIND THAT DEFENDANT'S

CONDUCT WAS A SUBSTANTIAL FACTOR IN CAUSING

THAT HARM.


IN DETERMINING THE PERIOD THAT PLAINTIFF'S

EMPLOYMENT WAS REASONABLY CERTAIN TO HAVE

CONTINUED, ENDING NO LATER THAN DECEMBER 7, 2008, YOU

SHOULD CONSIDER SUCH THINGS AS:


(a)    PLAINTIFF'S AGE, WORK PERFORMANCE, AND INTENT

REGARDING CONTINUING EMPLOYMENT WITH

DEFENDANT;

34

(b)     DEFENDANT'S PROSPECTS FOR CONTINUING THE

OPERATIONS INVOLVING PLAINTIFF; AND


(c)     ANY OTHER FACTOR THAT BEARS ON HOW LONG

PLAINTIFF WOULD HAVE CONTINUED TO WORK.



NO FIXED STANDARD EXISTS FOR DECIDING THE AMOUNT

OF DAMAGES FOR HUMILIATION, EMBARRASSMENT, AND

MENTAL AND EMOTIONAL DISTRESS AND DISCOMFORT. YOU

MUST USE YOUR JUDGMENT TO DECIDE A REASONABLE

AMOUNT BASED ON THE EVIDENCE AND YOUR COMMON SENSE.

INSTRUCTION NO. 23

EMPLOYER LIABILITY

IT IS ESTABLISHED THAT ELI GELARDIN WAS A MANAGEMENT-LEVEL EMPLOYEE OF DEFENDANT I.L.R. IF YOU FIND THAT ELI GELARDIN WAS ACTING IN THE COURSE AND SCOPE OF HIS EMPLOYMENT WHEN HE TERMINATED PLAINTIFF, THEN ANY ACT OR OMISSION OF ELI GELARDIN IS TO BE CONSIDERED THE ACT OR OMISSION OF DEFENDANT I.L.R.

JURY INSTRUCTION NO. 24

SCOPE OF EMPLOYMENT

PLAINTIFF MUST PROVE THAT ELI GELARDIN WAS ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT WHEN PLAINTIFF WAS HARMED.

CONDUCT IS WITHIN THE SCOPE OF EMPLOYMENT IF:

1.    IT IS REASONABLY RELATED TO THE KINDS OF TASKS THAT THE EMPLOYEE WAS EMPLOYED TO PERFORM; OR

2.    IT IS REASONABLY FORESEEABLE IN LIGHT OF THE EMPLOYER'S BUSINESS OR THE EMPLOYEE'S JOB RESPONSIBILITIES.

JURY INSTRUCTION NO. 25

## INCOME FROM OTHER SOURCES

SHOULD YOU DETERMINE THAT DAMAGES ARE TO BE AWARDED TO PLAINTIFF, YOU MAY NOT CONSIDER ANY INCOME PLAINTIFF RECEIVED FROM OTHER SOURCES BESIDES HIS OWN EMPLOYMENT, INCLUDING BUT NOT LIMITED TO ANY INCOME FROM HIS WIFE'S EMPLOYMENT, IN ASSESSING HIS LOST EARNINGS.

INSTRUCTION NO. 26

## JUDGE'S COMMENTS ON EVIDENCE

I HAVE NOT INTENDED BY ANYTHING I HAVE SAID OR DONE, OR BY ANY QUESTIONS THAT I HAVE ASKED, TO SUGGEST HOW YOU SHOULD DECIDE ANY QUESTIONS OF FACT SUBMITTED TO YOU.

IF ANYTHING I HAVE DONE OR SAID HAS SEEMED TO SO INDICATE, YOU WILL DISREGARD IT AND FORM YOUR OWN OPINION.

INSTRUCTION NO. 27


## ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE


THE PURPOSE OF THE COURT'S INSTRUCTIONS IS TO INSTRUCT YOU AS TO THE APPLICABLE LAW SO THAT YOU MAY ARRIVE AT A JUST AND LAWFUL VERDICT.  WHETHER SOME INSTRUCTIONS APPLY WILL DEPEND UPON WHAT YOU FIND TO BE THE FACTS.  EVEN THOUGH I HAVE INSTRUCTED YOU ON VARIOUS SUBJECTS, YOU MUST NOT TREAT THE INSTRUCTIONS AS INDICATING THE COURT'S OPINION ON HOW YOU SHOULD DECIDE ANY ISSUE IN THIS CASE OR AS TO WHICH PARTY IS ENTITLED TO YOUR VERDICT.

INSTRUCTION NO. 28

DUTY TO DELIBERATE

WHEN YOU RETIRE, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO.  YOUR VERDICT MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL OF THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD.  BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION.  DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

INSTRUCTION NO. 29

## HOW JURORS SHOULD APPROACH THEIR TASK

THE ATTITUDE AND CONDUCT OF JURORS AT THE BEGINNING OF THEIR DELIBERATIONS ARE VERY IMPORTANT. IT IS RARELY HELPFUL FOR A JUROR, ON ENTERING THE JURY ROOM, TO EXPRESS AN EMPHATIC OPINION ON THE CASE OR TO ANNOUNCE A DETERMINATION TO STAND FOR A CERTAIN VERDICT.  WHEN SOMEONE DOES THAT AT THE OUTSET, A SENSE OF PRIDE MAY BE AROUSED, AND HE OR SHE MAY HESITATE TO CHANGE A POSITION EVEN IF SHOWN THAT IT IS WRONG.  REMEMBER THAT YOU MUST NOT BE PARTISANS OR ADVOCATES IN THIS MATTER.  YOU MUST BE IMPARTIAL JUDGES OF THE FACTS.

INSTRUCTION NO. 30

## CHANCE OR QUOTIENT VERDICT PROHIBITED

THE LAW FORBIDS YOU TO DETERMINE ANY ISSUE IN THIS CASE BY CHANCE – SUCH AS THE FLIP OF A COIN, THE DRAWING OF LOTS OR ANY OTHER CHANCE DETERMINATION.

INSTRUCTION NO. 31

COMMUNICATION WITH COURT

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS

TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE, SIGNED

BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE

JURY.  IF YOU NEED TO COMMUNICATE WITH ME, YOU SHOULD

PRESS THE BUTTON MARKED "DECISION/QUESTION" LOCATED

IN THE JURY ROOM.  MY COURTROOM DEPUTY, MS. ESPINOSA,

WILL SHOW YOU WHERE THAT BUTTON IS LOCATED AFTER YOU

RETIRE.  NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO

COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I

WILL COMMUNICATE WITH ANY MEMBER OF THE JURY ON

ANYTHING CONCERNING THE CASE ONLY IN WRITING, OR

ORALLY HERE IN OPEN COURT.  REMEMBER THAT YOU ARE NOT

TO TELL ANYONE – INCLUDING ME – HOW THE JURY STANDS,

NUMERICALLY OR OTHERWISE, UNTIL AFTER YOU HAVE

REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.

INSTRUCTION NO. 32


RETURN OF VERDICT


A VERDICT FORM HAS BEEN PREPARED FOR YOUR
CONVENIENCE.  YOU WILL TAKE THIS FORM INTO THE JURY
ROOM.  AFTER YOU HAVE REACHED A UNANIMOUS AGREEMENT
AS TO A VERDICT, YOUR FOREPERSON WILL FILL IN THE DATE
AND SIGN THE FORM STATING THE VERDICT UPON WHICH YOU
UNANIMOUSLY AGREE.  YOU SHOULD THEN PRESS THE BUTTON
MARKED "DECISION/QUESTION" LOCATED IN THE JURY ROOM
TO ADVISE THE COURT THAT YOU ARE READY TO RETURN TO
THE COURTROOM WITH THE VERDICT.

INSTRUCTION NO. 33


## VERDICT FORM – NO SIGNIFICANCE


NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN

ANY VERDICT FORM PREPARED FOR YOUR CONVENIENCE IS

MEANT TO SUGGEST OR CONVEY IN ANY WAY OR MANNER ANY

INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD FIND.

WHAT THE VERDICT SHALL BE IS THE SOLE AND EXCLUSIVE

DUTY AND RESPONSIBILITY OF THE JURY.